### D. J. MURRAY MFG. CO. v. SUMNER IRON WORKS et al.

(District Court, D. Oregon. January 15, 1923.)

Patents ⬦═292—Answer that defendants proposed to rely on anticipation by all publications taken together held sufficient.

Under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), providing that either party to a suit for infringement of a patent may file interrogatories for the discovery by the opposite party of facts and documents material to the support or defense of the cause, an answer by defendants, who had referred to certain patents as prior publications, to an inquiry requiring them to specify which feature or combination in each of the pat-

⬦═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ents cited they would rely on, stating that none of the patents were relied upon as exact publications, but that all showed collectively the prior state of the art and anticipation in invention, was as definite and certain as could be required under the rule, since the rule was not intended to require a party to disclose the ground of his defense nor the argument he proposed to make.

In Equity. Suit by the D. J. Murray Manufacturing Company against the Sumner Iron Works and another for an alleged infringement of a patent. On objection to the answer of defendants to an interrogatory. Objection overruled.

T. J. Geisler, of Portland, Or., for plaintiff.

Joseph L. Atkins and Leicester B. Atkins, both of Portland, Or., and Cooley, Horan & Mulvihill, of Everett, Wash., for defendants.

BEAN, District Judge (in memorandum). The case of Murray v. Sumner Iron Works et al. is a suit for an alleged infringement of patent. The defendants set up or refer to certain patents by number and date of issue, which they allege are prior publications. The plaintiff filed interrogatories under equity rule No. 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), and among others was one requiring the defendants to specify which particular mechanical feature or combination in each or any of the patents cited they would rely on in the trial of this case, as an instance of prior publication. To this interrogatory the defendants answered that none of the patents designated in the interrogatory are relied upon as exact publications, but all show collectively the prior state of the art, and show the anticipation in invention of plaintiff's patent.

Objection was made to this answer, because it is not sufficiently definite and certain. Rule 58 provides that either party to a suit may file interrogatories for the discovery by the opposite party of facts and documents material to the support or defense of the cause. This rule, as I interpret it, was intended to enable the party to obtain in advance of the trial a statement from his opponent on any facts or documents which might be material to his cause of action or defense, as the case may be, but not to require a party to disclose the ground of his defense, nor the argument which he proposes to make, based upon certain facts.

Now, this answer, it seems to me, is as definite and certain as defendants could be required to make under the rules. They say that the patents are not exact duplicates, but they propose to claim on the trial that, taking them all together, they show prior publications, and that, it seems to me, is as far as they can be required to go under the rules.

The objection will be overruled.